Stan S. Mallison, (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue
Lafayette, CA  94549
Telephone: (925) 283-3842
Facsimile:  (925) 283-3426
stanm@mallisonlaw.com
hectorm@themmlawfirm.com
mpalau@themmlawfirm.com

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| | Case No. |
| ALVARO RODRIGUEZ, MANUEL PADILLA, and CARMELO ACEVES GARCIA, on behalf of themselves and all other similarly situated individuals, <br><br> PLAINTIFF, <br><br> vs. <br><br> HARVEY BOSCHMA; TERRY LYNN BOSCHMA; HENRY BOSCHMA MARITAL TRUST (sole beneficiary GRETA BOSCHMA) (dba "Boschma & Sons Dairy," "Wasco Dairy," and "Henry Boschma Dairy") <br><br> DEFENDANTS. | **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br><br> 1. **Violations of the Agricultural Workers Protection Act** <br> 2. **Violations of Unfair Competition law for Violation of Federal Record Keeping Requirements** <br> 3. **Failure to Pay Overtime Wages** <br> 4. **Failure to Pay Minimum Wages** <br> 5. **Failure to Provide Rest Periods** <br> 6. **Failure to Provide Meal Periods** <br> 7. **Failure to Pay Timely Wages Due at Termination** <br> 8. **Failure to Maintain and Provide Accurate Itemized Employee Wage Statements and Records** <br> 9. **Violation of Unfair Competition Law** <br> 10. **California Labor Code Private Attorney General Act Remedies (on behalf of the State of California)** <br><br> **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT          - 1 -

1   PLAINTIFFS ALVARO RODRIGUEZ, MANUEL PADILLA and CARMELO

2   ACEVES GARCIA ("PLAINTIFFS") bring this action against HARVEY BOSCHMA (dba

3   "Boschma & Sons Dairy," "Henry Boschma Dairy," "Wasco Dairy") and HENRY BOSCHMA

4   MARITAL TRUST (hereinafter "BOSCHMA" or "DEFENDANTS") and their agents, DBA's,

5   partners, subsidiaries, parent companies, and alter egos (collectively "DEFENDANTS")  on

6   behalf of themselves, all others similarly situated, and the general public, and allege upon

7   information and belief, which is based upon the investigation of their counsel, except as to the

8   allegations concerning PLAINTIFFS which are made upon PLAINTIFFS' personal knowledge,

9   as follows:

10   **I.      NATURE OF THE ACTION**

11   1.      This is a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure

12   to vindicate rights afforded the class by Federal and California law.  This action is brought on

13   behalf of PLAINTIFFS and a class of non-exempt employees employed by, or formerly

14   employed by, DEFENDANTS to secure and vindicate rights afforded them by the Migrant and

15   Seasonal Agricultural Workers Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq.*; California

16   Labor Code §§ 200 *et seq.*; Unfair Competition Law, California Business and Professions Code

17   §§ 17200 *et seq.* ( "UCL"); and California's Private Attorney General Act, Labor Code §§ 2698

18   *et seq.* ("PAGA").

19   2.      DEFENDANTS' violations revolve around (1) providing PLAINTIFFS and the

20   Class false and misleading information regarding the terms and conditions of their employment;

21   (2) violating the terms of the working arrangement made with PLAINTIFFS and the Class; (3)

22   failing to pay wages when due; (4) failing to pay all minimum, overtime, premium rest and meal,

23   premium split shift and premium reporting time wages owed; (5) failing to provide rest and meal

24   periods; and (6) failing to comply with the record keeping, wage statement and payment deadline

25   provisions of California law, the Fair Labor Standards Act ("FLSA"), and AWPA.   As a result

26   of these violations, DEFENDANTS have violated provisions of federal and California labor laws

27   and California Business & Professions Code §§ 17200 *et seq.*

28

CLASS ACTION COMPLAINT                   - 2 -

1    3.    The final cause of action is brought as a non-class California Labor Code Private

2    Attorneys General Act ("PAGA") claim. PLAINTIFFS have a substantive right, pursuant to the

3    California Labor Code, to stand in the shoes of the State of California and to represent current

4    and former employees for purposes of this claim, and no class certification is required. *Arias v.*

5    *Sup. Ct.*, 46 Cal.4th 969 (2009). By operation of law, therefore, PLAINTIFFS represent current

6    and former employees for purposes of their PAGA claims in this action without regard to class

7    certification, because PLAINTIFFS have satisfied the pre-filing requirements set forth in

8    California Labor Code § 2699.3, and have received notice from California's Labor & Workforce

9    Development Agency of the right to assert the PAGA claim for the State and workforce.

10

11    **JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT**

12    4.    This Court has subject matter jurisdiction based on federal question jurisdiction

13    pursuant to 28 U.S.C. § 1331; 29 U.S.C. § 1854, covering claims arising under the Migrant and

14    Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq.*; and 28

15    U.S.C. § 1337, as this action arises under Acts of Congress regulating commerce.  This Court is

16    empowered to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202.

17    5.    This Court has supplemental jurisdiction over the California state law and

18    contract claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims

19    that they form part of the same case and controversy under Article III of the U.S. Constitution.

20    6.    Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391

21    because this District is the district in which PLAINTIFFS, many Class members and

22    DEFENDANTS reside; a district in which a substantial part of the events or omissions giving

23    rise to the claims occurred; and is the proper district under 29 U.S.C. § 1854.

24

25    **INTRADISTRICT ASSIGNMENT**

26    7.    This case is properly assigned to the Fresno Division of the Eastern District of

27    California pursuant to Local Rule 3-120(d).

28

CLASS ACTION COMPLAINT            - 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PARTIES

**PLAINTIFFS**

8.     Plaintiff Alvaro Rodriguez ("RODRIGUEZ") is a California resident.  At all relevant times herein, RODRIGUEZ has been employed by DEFENDANTS as a non-exempt employee at DEFENDANTS' dairy facilities. RODRIGUEZ was hired pursuant to a working arrangement or written or implied employment contract that impliedly or explicitly promised to pay RODRIGUEZ in conformance with California wage and hour requirements.  The text of any written contract or working arrangement terms are contained within records which DEFENDANTS control, as well as in the laws and regulations containing California wage and hour requirements.  By operation of law and implied into any employment contract and RODRIGUEZ' working arrangement, RODRIGUEZ must be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked in 2008, and must be paid in conformance with other wages and conditions set by California Law and the Industrial Welfare Commission ("IWC") Wage Orders. RODRIGUEZ worked for DEFENDANTS during the Class Period defined below. RODRIGUEZ is or was an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and is or was employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANTS to work in DEFENDANTS' agricultural operations in or near Kern County at various times during the Class Period. As a result of DEFENDANTS' violations of California and Federal labor laws and the Business & Professions Code, RODRIGUEZ has suffered injury in fact and has lost money or property. RODRIGUEZ is, or was, a seasonal and/or migrant agricultural worker, within the meaning of 29 U.S.C. § 1802, and is an aggrieved employee pursuant to California Labor Code §§ 2698 *et seq.*

9.     Plaintiff Manuel Padilla ("PADILLA") is a California resident.  At all relevant times herein, PADILLA has been employed by DEFENDANTS as a non-exempt employee at

CLASS ACTION COMPLAINT            - 4 -

1  DEFENDANTS' dairy facilities. PADILLA was hired pursuant to written and implied contracts

2  of employment impliedly or explicitly promising to pay in conformance with California wage

3  and hour requirements.  The text of any written terms of contract are contained within records

4  which DEFENDANTS' controls.  However, by operation of law and implied into any

5  employment contract, PADILLA must be paid in conformance with California labor laws and

6  therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the

7  years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked in

8  2008, and must be paid in conformance with other wages and conditions set by California Law

9  and IWC Wage Orders. PADILLA worked for DEFENDANTS during the Class Period defined

10  below. PADILLA is, or was, an agricultural worker, within the meaning of 29 U.S.C.

11  § 1802(10), and is, or was, employed, within the meaning of 29 U.S.C. § 1802(3), by

12  DEFENDANTS to work in the DEFENDANTS' agricultural operations in or near Kern County

13  at various times during the Class Period. As a result of DEFENDANTS' violations of the

14  California and Federal labor laws and the Business & Professions Code, PADILLA has suffered

15  injury in fact and has lost money or property. PADILLA is, or was, an seasonal and/or migrant

16  agricultural worker, within the meaning of 29 U.S.C. § 1802, and is an aggrieved employee

17  pursuant to California Labor Code §§ 2698 *et seq.*

18           10.      Plaintiff Carmelo Aceves Garcia ("ACEVES") is a California resident.  At all

19  relevant times herein, ACEVES has been employed by DEFENDANTS as a non-exempt

20  employee at DEFENDANTS' dairy facilities. ACEVES was hired pursuant to written and

21  implied contracts of employment impliedly or explicitly promising to pay in conformance with

22  California wage and hour requirements.  The text of any written terms of contract are contained

23  within records which DEFENDANTS' control.  However, by operation of law and implied into

24  any employment contract, ACEVES must be paid in conformance with California labor laws and

25  therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the

26  years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked in

27  2008, and must be paid in conformance with other requirements and conditions set by California

28

1   Law and IWC Wage Orders. ACEVES worked for DEFENDANTS during the Class Period

2   defined below. ACEVES is, or was, an agricultural worker, within the meaning of 29 U.S.C.

3   § 1802(10), and is, or was, employed within the meaning of 29 U.S.C. § 1802(3) by

4   DEFENDANTS in DEFENDANTS' agricultural operations in or near Kern County at various

5   times during the Class Period. As a result of DEFENDANTS' violations of the California and

6   Federal labor laws and the Business & Professions Code, ACEVES has suffered injury in fact

7   and has lost money or property. ACEVES is, or was, an seasonal and/or migrant agricultural

8   worker, within the meaning of 29 U.S.C. § 1802, and is an aggrieved employee pursuant to

9   California Labor Code §§ 2698 *et seq.*

10          11.    On information and belief, PLAINTIFFS' and Class members' injury in fact

11   amounts to many millions of dollars, if not more.  On information and belief, PLAINTIFFS and

12   each member of the Class they seek to represent were regularly subjected to, or had personal

13   knowledge of, the violations and/or the allegations contained herein, and all putative Class

14   members are witnesses to said allegations and/or alleged violations.

15

16   **DEFENDANTS**

17          12.    On information and belief, Defendant Harvey Boschma ("HARVEY

18   BOSCHMA") is the co-owner of Boschma & Sons Dairy, Henry Boschma Dairy, and Wasco

19   Dairy, which are unregistered dbas of DEFENDANTS.  HARVEY BOSCHMA'S Dairy

20   operations are (or were) located in Kern and San Bernardino Counties in California.  On

21   information and belief, HARVEY BOSCHMA has had a 48% ownership interest in the Kern

22   County facilities and 30% in the San Bernardino facilities.  These facilities involve thousands of

23   dairy cows.  On information and belief HARVEY BOSCHMA lives at 9032 Etchart Road,

24   Bakersfield, California 93314, and employs Agustin Quiroz as a foreman, and PLAINTIFFS and

25   putative Class members as dairy workers.  HARVEY BOSCHMA'S Kern county facilities are

26   located at the Northwest corner of McCoy & Sherwood in McFarland.   HARVEY BOSCHMA

27   also has dairy facilities at 13350 Haven Avenue, Ontario, California 91761, and at the Southeast

28

1   Corner of Avenue 160 and Road 80, Northwest of Tipton.

2       13.     On information and belief, Defendant Terry Lynn Boschma ("TERRY

3   BOSCHMA") is the co-owner of Boschma & Sons Dairy, Henry Boschma Dairy, and Wasco

4   Dairy ,which are unregistered dbas, and employer of PLAINTIFFS and putative Class Members.

5   On information and belief, TERRY BOSCHMA'S Dairy operations are (or were) located in

6   Kern and San Bernardino counties in California. TERRY BOSCHMA has had a 47% ownership

7   interest in the Kern County facilities and 30% in the San Bernardino facilities.  These facilities

8   involve thousands of dairy cows.  On information and belief TERRY BOSCHMA employs

9   Agustin Quiroz as a foreman.  TERRY BOSCHMA's Kern county facilities are located at the

10  North-West corner of McCoy & Sherwood in McFarland.   TERRY BOSCHMA also has a

11  location at 13350 Haven Avenue, Ontario, California 91761, and at the Southeast Corner of

12  Avenue 160 and Road 80, Northwest of Tipton.

13      14.     On information and belief, Defendant Henry Boschma Marital Trust (hereinafter

14  "BOSCHMA TRUST") is the co-owner of Boshma & Sons Dairy, Henry Boschma Dairy, and

15  Wasco Dairy, which are unregistered dbas, and employers of dairy employees.  The BOSCHMA

16  TRUST is, in turn, owned 100% (or has a 100% beneficiary) by GRETA BOSCHMA.

17  BOSCHMA TRUST'S Dairy operations are (or were) located in Kern and San Bernadino

18  counties in California, owning 5% of the Kern County facilities and 40% of the San Bernardino

19  facilities.  These facilities involve thousands of dairy cows.  On information and belief,

20  BOSCHMA TRUST employs Agustin Quiroz as a foreman.  BOSCHMA'S Kern county

21  facilities are located at the Northwest corner of McCoy & Sherwood in McFarland.   BOSCHMA

22  also has a location at 13350 Haven Avenue, Ontario, California 91761.

23      15.     On information and belief, each Defendant violated or caused the violations at

24  issue in this complaint and their actions were knowing, willful, intentional and deliberate.  Each

25  Defendant is responsible in some manner for the occurrences herein alleged, and the damages

26  herein alleged were caused by each Defendant's conduct.  Collectively BOSCHMA TRUST

27  (GRETA BOSCHMA), TERRY BOSCHMA, and HARVEY BOSCHMA are referred to herein

28

CLASS ACTION COMPLAINT              - 7 -

1    as "BOSCHMA" or "DEFENDANTS." These violations occurred during both the peak season

2    as well as the slack summer season when milk production diminished.

3

4                            **II.    FACTUAL BACKGROUND**

5            16.    This is a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure

6    ("FRCP") to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker

7    Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq.*, the California Labor Code, and California

8    Business and Professions Code §§ 17200 *et seq.*  This action is brought on behalf of

9    PLAINTIFFS and a Class comprising all non-exempt employees or former employees of

10   DEFENDANTS at DEFENDANTS' California dairy facilities.  The action seeks recovery for

11   wages and compensation due and owing to PLAINTIFFS and the Class under federal and

12   California laws for the maximum period allowed to the present (the "Class Period"), as set out

13   below.  For at least four years prior to the filing of this action and to the present, DEFENDANTS

14   maintained and enforced against their non-exempt employees, including PLAINTIFFS and the

15   Class, unlawful wage and hour practices and policies, including the following:

16            a.   failing to pay minimum wages to Class members and PLAINTIFFS in

17                 conformance with Federal and California law, by (1) forcing Class Members and

18                 PLAINTIFFS to work "off-the-clock" without compensation; (2) paying Class

19                 members and PLAINTIFFS a salary that did not account for all hours worked;

20                 and (3) paying PLAINTIFFS and Class Members  a fixed daily amount in

21                 violation of California law and AWPA;

22            b.   failing to provide Class Members, including PLAINTIFFS, rest periods of at least

23                 (10) minutes per four (4) hours worked or major fraction thereof, and failing to

24                 pay such employees one (1) hour of pay at the employee's regular rate of

25                 compensation for each workday that the rest period is not provided, in violation of

26                 California law and AWPA;

27            c.   requiring Class Members, including PLAINTIFFS, to work at least five (5) hours

28

CLASS ACTION COMPLAINT                    - 8 -

1    without a meal period, and failing to pay such employees one (1) hour of pay at

2    the employee's regular rate of compensation for each workday that the meal

3    period is not provided, in violation of California law and AWPA;

4    d.   failing to pay Class Members, including PLAINTIFFS, premium overtime wages

5        in accordance with California Labor Code provisions and Industrial Welfare

6        Commission Wage Orders, in violation of California law and AWPA;

7    e.   failing to pay Class Members, including PLAINTIFFS, all wages due upon

8        voluntary or involuntary termination in violation of California law and AWPA;

9    f.   failing to maintain and provide to Class Members, including PLAINTIFF,

10       accurate itemized wage statements as required by the California Labor Code,

11       FLSA and AWPA;

12   g.   failing to pay Class Members, including PLAINTIFFS, statutory waiting time

13       penalties pursuant to California Labor Code §§ 201, 202, 203 and AWPA;

14   h.   violating the Unfair Competition Law (Business & Professions Code §§ 17200 *et*

15       *seq.*) due to the failures listed in (a) through (g) above,;

16   i.   violation of the terms of the "working arrangement" pursuant to AWPA and state

17       law;

18   j.   failure to pay wages when due pursuant to AWPA and state law and other issues;

19       and

20   k.   failure to disclose, or false representations regarding, the terms and conditions of

21       employment, and other violations described in this complaint.

22   17.    On information and belief, PLAINTIFFS allege that DEFENDANTS were on

23   notice of the violations alleged herein and intentionally refused to rectify them, and that the

24   violations herein alleged, during all relevant times, were committed willfully and deliberately.

25   18.    PLAINTIFFS, on behalf of themselves and all Class Members, seek declaratory

26   relief, statutory damages, actual damages, interest, attorneys fees, costs, and/or injunctive relief

27   pursuant to AWPA, 29 U.S.C. §§ 1801 *et seq*. and the UCL, Business & Professions Code §§

28

CLASS ACTION COMPLAINT            - 9 -

1    17200 *et seq.*

2         19.    PLAINTIFFS, on behalf of themselves and a Class of non-exempt employees or

3    former employees of DEFENDANTS, bring this action for damages, declaratory, injunctive and

4    other equitable relief, reasonable attorneys' fees and costs of suit; as well as for restitution,

5    restitutionary disgorgement and other remedies for DEFENDANTS' failure to comply with the

6    laws herein alleged.

7         20.    During all relevant times herein, DEFENDANTS have made it difficult to account

8    with precision for the unlawfully withheld wages that DEFENDANTS owe to Class Members,

9    including PLAINTIFFS, because DEFENDANTS failed to implement and preserve a record-

10   keeping method to record all hours worked and wages earned by its employees, as required for

11   non-exempt employees by California Labor Code §§ 226 and 1174(d) and the IWC wage orders,

12   as well as AWPA and FLSA .

13        21.    Defendants have violated California Labor Code § 226(a), AWPA, and FLSA by

14   failing accurately to itemize and report in wage statements all wages earned and total hours

15   worked by PLAINTIFFS and members of the proposed class.  PLAINTIFFS and Class Members

16   are therefore entitled to statutory penalties not to exceed $4000 for each employee pursuant to

17   Labor Code § 226(e), as well as injunctive and declaratory relief pursuant to FLSA and the UCL,

18   and actual and statutory damages pursuant to AWPA.

19

20                      **III.    CLASS ACTION ALLEGATIONS**

21

22        22.    PLAINTIFFS bring this action on behalf of themselves and all others pursuant to

23   the Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in

24   the litigation and the proposed class is easily ascertainable.  PLAINTIFFS seek to represent the

25   following Rule 23 Class:

26

27              BOSCHMA DAIRY WORKERS: All non-exempt employees who are or
                have been employed at any time by DEFENDANTS in California at their
28              milking facilities and surrounding fields within four (4) years of the filing

of this Complaint plus any tolling periods pursuant to agreement or as per law up through the date of final disposition of this action.

23.    On information and belief, the legal and factual issues are common to the Class and affect all Class Members.  PLAINTIFFS reserve the right to amend or modify the class description with greater specificity or further division into subclasses, as well as to limit the class or subclasses to particular issues.

### A.    Numerosity

24.    The potential members of the Class as defined are so numerous that joinder of all of them is impracticable.  While the precise number of Class Members has not been determined at this time, PLAINTIFFS are informed and believe that DEFENDANTS have employed 100 persons or more during the relevant time period who are or have been affected by DEFENDANTS' unlawful practices as alleged herein.

25.    On information and belief, BOSCHMA has employed hundreds of workers during the past four years including the following partial list of 59 known employees:

| | | |
|---|---|---|
| Miguel Centerno | Jose Padilla | Jorge Muñoz |
| Francisco Padilla | Tirzo Garcia | Sergio Rivera |
| Henry Robledo | Manuel Padilla | Francisco Gonzalez |
| Juan Gonzalez | Jose Miguel Muños | Miguel Muñoz |
| Adalberto Hernandez | Rogelio Marquez | Abel Cobarrubias |
| Jose Guadalupe Rodriguez | Jesus Ramirez | Jorge Campos |
| Jesus Delgado | Rodolfo Guzman | Juan Jose Deanda |
| Adolfo Guzman | Jose do Jesus Gutierrez | Carmelo Aceves |
| Moises Moreno | Joaquin Carmona | Efrain Marquez |
| Alajandro Marquez | Luis Chavez | Jose Manual Hernandez |
| Salvador Ventura | Jesus Franco | Alvaro Rodriguez |
| Agustin Medel | Javier Medel | Savador Riso Nieto |
| Rogelio Marguez | Adrean Munos | Juan Francisco Lozano |

| | | |
|---|---|---|
| Gernonimo Marquez | Leonicio Avila Garcia | Ismael Lopez Patiño |
| Miguel Perz | Felipe | Arnulfo Salcedo |
| Juan Carlos Avare | Ricardo Rocha | Juan Carlos Anaya |
| Juan Jose Barajas | Juan Jesus Peres Castillo | Raul Barrera Salmeron |
| Juan Manuel Magana | Francisico Javier Padilla | Mario Pere Lopez |
| Cesario Guzman | Horacio Avila Lopez | Rigobert Martinez |
| Roberto Garcia | Arturo Guerrero | |

26.     Joinder of all members of the proposed Class is further impracticable because such members are largely, if not wholly, low-wage, Spanish-speaking workers with little knowledge of the labor laws or the federal court system

27.     Upon information and belief, PLAINTIFFS allege that DEFENDANTS' employment records would provide information as to the number and location of all Class Members.

**B.    Commonality**

28.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a.    Whether DEFENDANTS provided PLAINTIFFS and Class Members with false and misleading information regarding the terms and conditions of employment, or failed to provide such information, in violation of AWPA;

b.    Whether DEFENDANTS breached the terms of the working agreement made with PLAINTIFFS and Class Members in violation of AWPA;

c.    Whether DEFENDANTS failed to pay wages when due to PLAINTIFFS and other Class Members in violation of AWPA;

d.    Whether DEFENDANTS violated Federal law and/or the California

Labor Code and Wage Orders by not compensating PLAINTIFFS and other Class Members for all hours worked at minimum or contractual rates;

e.  Whether DEFENDANTS violated Federal law, the California Labor Code and and/or IWC Wage Orders by compensating PLAINTIFFS and other Class Members at hourly wage rates below the overtime rate;

f.  Whether DEFENDANTS violated Federal law, the California Labor Code and or IWC Wage Orders by failing to (1) provide daily rest periods to PLAINTIFFS and other Class Members for every four hours or major fraction thereof worked and (2) compensate such employees one hours' wages in lieu of rest periods;

g.  Whether DEFENDANTS violated Federal law, the California Labor Code and/or IWC Wage Orders by failing to (1) provide required meal periods to PLAINTIFFS and other Class Members and (2) compensate said employees one hours' wages in lieu of meal periods;

h.  Whether DEFENDANTS violated Federal law, the California Labor Code and/or IWC Wage Orders by failing to, among other things, maintain accurate records of PLAINTIFF' and other Class Members' earned wages and work periods, itemize all hours worked and wages earned, and accurately maintain other records pertaining to PLAINTIFFS and the other Class Members;

i.  Whether DEFENDANTS violated Federal law, the California Labor Code and/or IWC Wage Orders by failing to pay all earned wages and/or premium wages due and owing at the time that the employment of any Class Members, including PLAINTIFFS, ended;

j.  Whether DEFENDANTS violated §§ 17200 *et seq.* of the Business and Professions Code by the actions alleged in this complaint;

1              k.  Whether Plaintiffs are entitled to relief under AWPA for the violations

2                  described in this Complaint regarding the working arrangement and

3                  failure to pay wages due;

4              l.  Whether PLAINTIFFS and other Class Members are entitled to damages,

5                  restitution, statutory penalties, premium wages, declaratory, injunctive and

6                  declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant

7                  to Federal law, California Labor Code and Wage Orders, and Business and

8                  Professions Code §§ 17200 *et seq.*; and

9              m.  whether DEFENDANTS are liable for penalties to the State of California and

10                 the workforce under PAGA for violations of the California Labor Code.

11   Common factual and legal issues predominate with regards to these claims, other than the

12   application of a formula to DEFENDANTS' payroll databases to calculate each Class

13   Members' damages.

14       **C.**    **Typicality**

15         29.    Named PLAINTIFFS' claims are typical of the Class' claims. PLAINTIFFS and

16   all members of the Class sustained injuries and damages arising out of and caused by

17   DEFENDANTS' common course of conduct, which, as alleged herein, violates California and

18   federal laws, regulations and statutes.

19       **D.**    **Adequacy of Representation**

20         30.    PLAINTIFFS will fairly and adequately represent and protect the interests of

21   Class members. PLAINTIFFS have no interests which are adverse to the Class. Plaintiffs are

22   similarly situated to other Class members. Counsel who represent PLAINTIFFS are competent

23   and experienced in litigating large, employment class actions.

24       **E.**    **Superiority of Class Action**

25         31.    A class action is superior to other available means for the fair and efficient

26   adjudication of this controversy. This is particularly so because all of the underlying issues will

27   need to be resolved pursuant to the Private Attorney General Act cause of action regardless of

28

1  the class determination. Individual joinder of all Class Members is not practicable, and questions

2  of law and fact common to the Class predominate over any questions affecting only individual

3  members of the Class.  Each member of the Class has been damaged and is entitled to recovery

4  by reason of DEFENDANTS' unlawful policy and/or practices described herein. Class Members

5  are unlikely to otherwise obtain effective representation to ensure full enforcement of his rights

6  absent class certification.

7       32.    Class action treatment will allow those similarly situated persons to litigate their

8  claims in the manner that is most efficient and economical for the parties and the judicial system.

9  PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management

10  of this action that would preclude its maintenance as a class action.

11                    **IV.    CLAIMS FOR RELIEF**

12       33.    All claims described herein are brought on behalf of PLAINTIFFS both

13  individually and on behalf of the Class, except for the tenth claim, which is a PAGA enforcement

14  claim brought for the State of California on a non-class, representative basis seeking penalties for

15  the state, PLAINTIFFS and current or former employees.

16

17                         **FIRST CLAIM**

18                     **(VIOLATION OF AWPA)**

19

20       34.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

    herein.

21

22       35.     PLAINTIFFS and putative Class Members are migrant or seasonal employees, as

23  they are engaged in "Agricultural Employment" within the meaning of AWPA and its

    regulations. As 29 C.F.R. § 500.20 ("Definitions") states:

24

25           (e) Agricultural employment means employment in any service or
             activity included within the provisions of section 3(f) of the Fair Labor
26           Standards Act of 1938 (29 U.S.C. 203(f)), or section 3121(g) of the
             Internal Revenue Code of 1954 (26 U.S.C. 3121(g)) and the handling,
27           planting, drying, packing, packaging, processing, freezing, or grading
             prior to delivery for storage of any agricultural or horticultural
             commodity in its unmanufactured state.

28

CLASS ACTION COMPLAINT          - 15 -

36.    Section 3(f) of the Fair Labor Standards Act of 1938 (29 U.SC. § 203(f)) defines dairying as agriculture:

> (f) "Agriculture" includes farming in all its branches and among other things includes the cultivation and tillage of the soil, **dairying**, the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities (including commodities defined as agricultural commodities in section 1141j(g) of title 12), the raising of livestock, bees, fur-bearing animals, or poultry, and any practices (including any forestry or lumbering operations) performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market. (Emphasis added.)

37.    In turn, 29 C.F.R. § 780.111 defines dairying as a farming operation:

> § 780.111    "Dairying" as a farming operation.
>
> "Dairying" includes the work of caring for and milking cows or goats. It also includes putting the milk in containers, cooling it, and storing it where done on the farm….

As such, Plaintiffs and the class are employed in agriculture employment in the farming operation of dairying, and are referred to herein as dairy workers.

38.    AWPA regulation 29 C.F.R. 500.20 ("Definitions") provides that:

> For purposes of this part:
>
> (p) Migrant agricultural worker means an individual who is employed in agricultural employment of a seasonal or other temporary nature, and who is required to be absent overnight from his permanent place of residence…
>
> (2) Permanent place of residence, with respect to an individual, means a domicile or permanent home. Permanent place of residence does not include seasonal or temporary housing such as a labor camp. The term permanent place of residence for any nonimmigrant alien is that individual's country of origin.
>
> …
>
> (r) Seasonal agricultural worker means an individual who is employed in agricultural employment of a seasonal or other temporary nature and is not

required to be absent overnight from his permanent place of residence: (1) When employed on a farm or ranch performing **field work** related to planting, cultivating, or harvesting operations; or (2) When employed in canning, packing, ginning, seed conditioning or related research, or processing operations, and transported, or caused to be transported, to or from the place of employment by means of a day-haul operation.

…

(ii) Field work related to planting, cultivating or harvesting operations includes all farming operations on a farm or ranch which are normally required to plant, harvest or produce agricultural or horticultural commodities, **including the production of a commodity** which normally occurs in the fields of a farm or ranch as opposed to those activities which generally occur in a processing plant or packing shed.

A worker engaged in the placing of commodities in a container in the field and on-field loading of trucks and similar transports is included. (Emphasis added.)

39.    PLAINTIFFS and the class are seasonal or migrant agricultural employees engaged primarily in field work relating to the farming operations on the ranch, including the harvest or production of dairy commodities, and in particular milk in its unmanufactured state. PLAINTIFFS and the class are migrant and/or seasonal agricultural workers entitled to the protections and benefits of the AWPA, 29 U.S.C. §§ 1801 *et seq.* and are engaged in agricultural labor.  Many, if not all, members of the Class, including PLAINTIFFS, are absent overnight from their permanent place of residence.  The harvest or production of milk is "seasonal" in that harvest or production slacks during the summer months. The work was of a temporary or seasonal nature and there is no guarantee of employment and the workers are of the very type of laborers Congress intended AWPA, as well as its predecessor statute, the 1976 Farm Labor Contractor Registration Act, to protect.

40.    As described in this complaint, Defendants intentionally violated PLAINTIFFS' and Class Members' rights under AWPA by:

- providing false and misleading information regarding the terms and conditions of employment of PLAINTIFFS and Class Members;

- failing to create, maintain, and preserve accurate payroll records for each Plaintiffs and Class Member for each pay period;

- violating the terms of the working arrangement made with PLAINTIFFS in California; and/or by

- failing to pay wages when due.

41.    For each violation of AWPA, each member of the Class is entitled, at PLAINTIFFS' election, to recover his or her actual damages or up to $500 per violation in statutory damages, pursuant to 29 U.S.C. § 1854.

## SECOND CLAIM

## (VIOLATIONS OF UNFAIR COMPETITION LAW FOR VIOLATING FEDERAL RECORD KEEPING REQUIREMENTS)

42.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

43.    DEFENDANTS engaged in unlawful activity prohibited by the FLSA and that constitute unlawful and unfair business practices with the meaning of Business and Professions Code §§ 17200 *et seq.*

44.    As described above, DEFENDANTS have failed to preserve accurate records as required by 29 U.S.C. § 211 and regulations under 29 C.F.R. § 516.1 *et seq.* (including but not limited to 29 C.F.R. §§ 516.2; 29, 516.6 and 516.12).  This failure includes the failure to maintain and preserve accurate total daily or weekly straight-time earnings or "wages due" for hours worked as required by 29 C.F.R. § 516.2(a)(8).  "Wages due" is a term of art which incorporates state law in determining whether compliance has been obtained.  *See Medrano v. D'Arrigo Borthers Co. of California*, 336 F.Supp.2d 1053 (N.D.Cal. 2004).  As alleged in this complaint, PLAINTIFFS were not paid wages due and such wages due were not accurately recorded in DEFENDANTS' records in violation of 29 C.F.R. § 516.1 *et seq.*

45.    DEFENDANTS' activities also constitute *unfair* practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because DEFENDANTS' practices violate the above noted federal laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to PLAINTIFFS and the Class.

46.     As a result of DEFENDANTS' violations of the FLSA, PLAINTIFFS have suffered injury-in-fact and have lost money or property.  This injury-in-fact and loss of money or property consists of the lost wages, lowered social security benefits, and increased research, litigation costs, and attorney fees in correcting these violations. A tally of these damages cannot readily be determined as the employment records are held exclusively or nearly exclusively in DEFENDANTS' control.  PLAINTIFFS are entitled to restitution, an injunction, declaratory and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

47.     As a result of their unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFFS and the Class they seek to represent.  DEFENDANTS should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFFS and the members of the Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.  PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS are unjustly enriched through their failure to pay legal wages, and/or other remedies.  PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and members of the Class are prejudiced by DEFENDANTS unfair trade practices.

48.     As a direct and proximate result of the unfair business practices of DEFENDANTS, and each of them, PLAINTIFFS, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS and members of the Class as a result of the business acts and practices described herein and enjoining DEFENDANTS to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Business and Professions Code § 17208, including any tolling.

49.     The unlawful and unfair conduct alleged herein is continuing, and there is no indication that DEFENDANTS will refrain from such activity in the future.  PLAINTIFFS

1  believe and allege that if DEFENDANTS are not enjoined from the conduct set forth in this

2  Complaint they will continue to violate federal labor laws. PLAINTIFFS further request that the

3  court issue a preliminary and permanent injunction.

4       50.    WHEREFORE, PLAINTIFFS and the Class they seek to represent request relief

5  as described herein and below.

### THIRD CLAIM

### (FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION)

51.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

herein.

52.    DEFENDANTS violated Labor Code § 510 and the various IWC wage orders

which may apply to this case by failing to pay overtime pursuant to those provisions or orders.

These Wage Orders are authorized under California Labor Code § 1185.

53.    California Labor Code § 500 defines, "workday" and "day" to mean any

consecutive 24-hour period commencing at the same time each calendar day, and defines

"workweek" and "week" to mean "any seven consecutive days starting with the same calendar

day each week."

54.    As described herein, DEFENDANTS violated the IWC Wage Orders by

employing PLAINTIFFS and the Class in excess of the limits provided by these wage orders

without time and one-half or double-time pay.

55.    PLAINTIFFS, individually and on behalf of the Class, may enforce these

provisions pursuant to Labor Code § 1194(a) and Business and Professions Code §§ 17200 *et*

*seq.* California Labor Code §1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee
> receiving less than the legal minimum wage or the legal overtime
> compensation applicable to the employee is entitled to recover in a civil
> action the unpaid balance of the full amount of this minimum wage or
> overtime compensation, including interest thereon, reasonable attorney's
> fees and costs of suit.

CLASS ACTION COMPLAINT          - 20 -

56.    WHEREFORE, PLAINTIFFS and the Class are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees, and costs of suit pursuant to California Labor Code § 1194(a).

## FOURTH CAUSE OF ACTION

## (FAILURE TO PAY MINIMUM WAGE)

57.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

58.    DEFENDANTS failed to pay minimum wage "for all hours worked."  For example, PLAINTIFFS and the Class were forced to work "off-the-clock" time without compensation by having to be on-site, punched in,  and ready to work, but are not paid for this time. PLAINTIFFS and the Class are not paid for work performed during other times of the workday.  For example, PLAINTIFFS were required to perform work for their employer off the clock.

59.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

60.    The applicable minimum wages fixed by the commission for work during the years 2002-2006 is found in the Wage Orders which state that:

> Every employer shall pay to each employee wages not less than . . . six dollars and seventy-five cents ($6.75) per hour for all hours worked effective January 1, 2002 . . .

These Orders were recently amended to provide for a minimum wage of $7.50 per hour for work done during 2007 and $8.00 for work done in 2008.

61.    The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a), which states:

1
2
3

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

4
5
6

62.     As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

7

63.     California Labor Code § 1194.2 also provides for the following remedies:

8
9

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

10     64.     DEFENDANTS have the ability to pay minimum wages for all time worked but

11  have willfully refused to pay such wages with the intent to secure a discount upon this

12  indebtedness, as well as to annoy, harass, oppress, hinder, delay or defraud PLAINTIFFS and the

13  Class.

14     65.     As a result of DEFENDANTS' violations of the minimum wage requirement for

15  failure to record and pay wages for all hours worked, DEFENDANTS violated California Labor

16  Code § 226(a), the IWC Wage Orders and AWPA, inaccurately stating gross wages earned, total

17  hours worked, deductions, net wages, gross wages, and other issues as described above.  Because

18  these violations were intentional and willful, DEFENDANTS consequently violated California

19  Labor Code § 226.6, which provides that a violation of § 226 is a misdemeanor.

20     66.     WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid

21  minimum wages, liquated damages in an amount equal to the minimum wages unlawfully

22  unpaid, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor

23  Code § 1194(a).

24

25                              **FIFTH CLAIM**

26                    **(FAILURE TO PROVIDE REST PERIODS)**

27     67.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

28  herein.

CLASS ACTION COMPLAINT                - 22 -

68.    California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

69.    DEFENDANTS violated California Labor Code § 226.7 and the wage orders by failing to authorize and permit rest periods and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each work day that the rest periods were not provided.

70.    PLAINTIFFS and, on information and belief, the Class Members they seek to represent, did not voluntarily or willfully waive rest periods.   Any express or implied waivers obtained from PLAINTIFFS and/or Class Members was not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of an unlawful contract of adhesion.  DEFENDANTS did not provide, permit or authorize PLAINTIFFS and, on information and belief, Class Members to take rest periods in accordance with law.

71.    By failing to keep adequate time records as required by California Labor Code §§ 226 and 1174(d) and other sections of the Labor Code and the wage orders, DEFENDANTS have injured PLAINTIFFS and Class Members and made it difficult to calculate the unpaid additional wages due PLAINTIFFS and Members of the Class.

72.    As a result of the unlawful acts of DEFENDANT, the PLAINTIFFS and the Class they seek to represent have been deprived of premium wages, which is an amount resulting directly from the acts complained of.  PLAINTIFFS do not possess information reflecting the number of workdays or total amount of wages owed to the Class as a result of DEFEDANTS' illegal activities.  DEFENDANTS have possession of this information and the amount of damages can be calculated after discovery of documents and evidence in DEFENDANTS' possession. PLAINTIFFS and the Class are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 226.7, 1194(a) and

1  AWPA.

2    73.    WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid

3  additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit

4  pursuant to California Labor Code §1194(a).

5

6                            **SIXTH CLAIM**

7              **(FAILURE TO PROVIDE MEAL PERIODS)**

8

9    74.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

10  herein.

    75.    PLAINTIFFS allege that the Class, including PLAINTIFFS, worked for periods

11  of more than five hours without a duty-free meal period of no less than thirty minutes because

12  such meal periods were not provided, authorized or permitted while in the employ of

13  DEFENDANTS.

14    76.    PLAINTIFFS allege that they and the Class were not compensated by

15  DEFNDANTS for failure to provide meal periods.

16    77.    California Labor Code §226.7 states:

17
        (a) No employer shall require any employee to work during any meal or
18      rest period mandated by an applicable order of the Industrial Welfare
        Commission.
19
        (b) If an employer fails to provide an employee a meal period or rest
20      period in accordance with an applicable order of the Industrial Welfare
        Commission, the employer shall pay the employee one additional hour of
21      pay at the employee's regular rate of compensation for each work day that
        the meal or rest period is not provided.
22
      78.    DEFENDANTS violated California Labor Code § 226.7 and Wage Orders by
23
    failing to provide, authorize and/or permit mandated meal periods.  As such, DEFENDANTS are
24
    liable for one hour of additional pay at each respective employee's regular rate of compensation
25
    for each workday that the meal periods were not lawfully provided.
26
      79.    By failing to keep adequate time records as required by California Labor Code
27
    §§ 226 and 1174(d) and other sections of the Labor Code and the wage orders, DEFENDANTS
28

1   have injured PLAINTIFFS and Class Members and made it difficult to calculate the unpaid

2   additional wages due to PLAINTIFFS and Members of the Class.

3         80.     As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS and the Class

4   they seek to represent have been deprived of premium wages resulting directly from the acts

5   complained of.  PLAINTIFFS do not possess information reflecting the number of workdays or

6   total amount of wages owed to the Class as a result of DEFEDANTS' illegal activities.

7   Although DEFENDANTS unlawfully failed to record meal periods, DEFENDANTS have

8   possession of sufficient employment information, and the amount of damages can be calculated

9   after discovery of documents and evidence in DEFENDANTS' possession. PLAINTIFFS are

10   entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and

11   costs, under Labor Code §§ 226.7, 1194(a) and AWPA.

12         81.     WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid

13   additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit

14   pursuant to California Labor Code §1194(a).

15

16                       **SEVENTH CLAIM**

17        **(FAILURE TO TIMELY PAY WAGES DUE AFTER DISCHARGE)**

18         82.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

19   herein.

20         83.     California Labor Code Section 201(a) states:

21         If an employer discharges an employee, the wages earned and unpaid at the

22         time of discharge are due and payable immediately. . . .

        84.     California Labor Code Section 202(a) states:

23

24         If an employee not having a written contract for a definite period quits his or

25         her employment, his or her wages shall become due and payable not later than
           72 hours thereafter, unless the employee has given 72 hours previous notice of
           his or her intention to quit, in which case the employee is entitled to his or her

26         wages at the time of quitting. Notwithstanding any other provision of law, an
           employee who quits without providing a 72-hour notice shall be entitled to

27         receive payment by mail if he or she so requests and designates a mailing
           address. The date of the mailing shall constitute the date of payment for

28

1    purposes of the requirement to provide payment within 72 hours of the notice
of quitting.

2    85.    DEFENDANTS willfully failed to timely pay PLAINTIFFS and a large portion of

3    the proposed Class all of their wages due for work performed and this failure continued through

4    the time in which PLAINTIFFS and certain Class Members quit or were discharged from their

5    employment with DEFENDANTS.  As a result, DEFENDANTS violated California Labor Code

6    §§ 201 and 202.

7    86.    California Labor Code §203 states:

8        If an employer willfully fails to pay, without abatement or reduction, in
accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee
9        who is discharged or who quits, the wages of the employee shall continue as a
penalty from the due date thereof at the same rate until paid or until an action
10       therefore is commenced; but the wages shall not continue for more than 30
days… Suit may be filed for these penalties at any time before the expiration of
11       the statute of limitations on any action for the wages from which the penalties
arose.

12   87.    The statute of limitations for an action for the wages at issue is four years

13   pursuant to California Business and Professions Code § 17208.  As noted above,

14   
15   DEFENDANTS violated California Labor Code §§ 201 and 202 by failing to pay non-exempt

16   employees who quit, were involuntarily terminated, released after a specific job assignment or

17   time duration, or were otherwise discharged all of the wages due pursuant to the timelines

18   provided in those sections.  DEFENDANTS willfully failed to pay all wages due as the failure to

pay was not inadvertent or accidental.

19   88.    PLAINTIFFS and the Class they seek to represent are entitled to compensation

20   for all forms of wages earned, including, but not limited to, compensation for work done "off-

21   the-clock" and/or at hourly rates below the minimum wage, overtime premium wages; additional

22   wages for unprovided rest and meal periods, and other claims described in this complaint, but to

23   
24   date have not received such compensation therefore entitling them to penalties under Labor Code

25   § 203.

26   89.    More than 30 days have passed since PLAINTIFFS and many affected Class

27   Members have left DEFENDANTS' employ, and on information and belief, have not received

28   payment pursuant to Labor Code §§201, 202 and 203.  As a consequence of DEFENDANTS'

CLASS ACTION COMPLAINT            - 26 -

1   willful conduct in not paying all earned wages, PLAINTIFFS and certain Class Members are

2   entitled to 30 days' wages as a premium wage or penalty under California Labor Code § 203.

3       90.    WHEREFORE, PLAINTIFFS and the Class they seek to represent are entitled to

4   California Labor Code § 203 penalties in amounts to be determined at trial.

5

6                                   **EIGHTH CLAIM**

7   **(KNOWING AND INTENTIONAL FAILURE TO MAINTAIN AND PROVIDE ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS)**

8       91.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

9   herein.

10      92.    California Labor Code Section 226(a) states:

11

12      Every employer shall, semimonthly or at the time of each payment of
        wages, furnish each of his or her employees, either as a detachable part of
13      the check, draft, or voucher paying the employee's wages, or separately
        when wages are paid by personal check or cash, an accurate itemized
14      statement in writing showing

15          i)      gross wages earned,

16          ii)     total hours worked by the employee, except for any employee
                    whose compensation is solely based on a salary and who is exempt
17                  from payment of overtime under subdivision (a) of Section 515 or
                    any applicable order of the Industrial Welfare Commission,
18
            iii)    the number of piece-rate units earned and any applicable piece rate
19                  if the employee is paid on a piece-rate basis,

20          iv)     all deductions, provided that all deductions made on written orders
                    of the employee may be aggregated and shown as one item,
21
            v)      net wages earned,
22
            vi)     the inclusive dates of the period for which the employee is paid,
23
24          vii)    the name of the employee and his or her social security number,
                    except that by January 1, 2008, only the last four digits of his or
25                  her social security number or an employee identification number
                    other than a social security number may be shown on the itemized
26                  statement,

27          viii)   the name and address of the legal entity that is the employer, and
                    all applicable hourly rates in effect during the pay period and the
28                  corresponding number of hours worked at each hourly rate by the

1

2

3

employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

4

5

93.     DEFENDANTS failed to provide "accurate itemized statements" to PLAINTIFFS and Class Members because the wage statements:

6

7

    a.   Falsely understated the gross wages earned by failing to pay for all hours worked

8

    b.   Failed to State the total hours worked by PLAINTIFFS and Class by ignoring the total of hours actually worked.

9

10

    c.   Falsely understated the net wages earned by failing to pay for all hours worked.

11

    d.   Falsely understated the "number of hours worked at each hourly rate."

12

13

    e.   Failed to state name and address of the legal entity of the employer and all applicable hour rates in effect.

14

PLAINTIFFS and the Class suffered injury as a result of the above false wage statements.

15

16

94.     California Labor Code 226(e) and (g) provides for the remedy for the violations described above:

17

18

19

20

21

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

22

23

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

24

25

26

27

95.     In addition, Section 1174 of the California Labor Code, and Section 7 of the Wage Orders, require DEFENDANTS to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.

28

CLASS ACTION COMPLAINT          - 28 -

1  DEFENDANTS have created a uniform practice of knowingly and intentionally failing to

2  comply with California Labor Code § 1174.  The failure of DEFENDANTS, and each of them,

3  to comply with California Labor Code § 1174 is unlawful pursuant to California Labor Code §

4  1175.  When an employer fails to keep such records, employees may establish the hours worked

5  solely by their testimony and the burden of overcoming such testimony shifts to the employer.

6  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

7          96.      By failing to keep adequate time records required by Sections 226 and 1174 (d) of

8  the California Labor Code, DEFENDANTS have injured PLAINTIFFS and Class Members and

9  made it difficult to calculate the unpaid wages due PLAINTIFFS and members of the Class and

10  PLAINTIFFS and each Class member so injured is entitled up to $4,000.00 in penalties.

11          97.      WHEREFORE, PLAINTIFFS and the Class they seek to represent are entitled to

12  California Labor Code § 226(e) in an amount to be determined at trial, not to exceed $4,000 per

13  PLAINTIFFS and Class Members, cost of suit, attorneys' fees and injunctive relief per

14  California Labor Code § 226(g).

15

16                                **NINTH CAUSE OF ACTION**

17                          **(UNFAIR AND UNLAWFUL ACTS IN VIOLATION**

18                              **OF UNFAIR COMPETITION LAW)**

19          98.      PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

20  herein.

21          99.      DEFENDANTS engaged in unlawful activity prohibited by Business and

22  Professions Code §§17200 *et seq*.  The actions of DEFENDANTS as alleged within this

23  complaint, constitute unlawful and unfair business practices with the meaning of Business and

24  Professions Code §§17200 *et seq*.

25          100.     As described above, DEFENDANTS have conducted the following unlawful

26  activities:

27                • violation of California Labor Code §201 by failing to pay all
                     wages earned and unpaid at the time of certain Class Members'
                     discharge from employment by DEFENDANT;

28

CLASS ACTION COMPLAINT                      - 29 -

- violation of California Labor Code §202 by failing to pay all wages earned within 72 hours of the time of quitting of certain Class Members from their employment by DEFENDANT;

- violation of California Labor Code §206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts thereof, conceded by DEFENDANTS to be due;

- violation of California Labor Code §216 by willfully refusing to pay wages due and payable by falsely denying the amount or validity thereof, or that the same is due, with intent to secure for itself any discount upon such indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or defraud, the Class Members to whom such indebtedness is due;

- violation of California Labor Code §221-223 by secretly paying a lower wage to Class Members while purporting to pay the wage designated by statute or by contract;

- violation of California Labor Code §226 by failing to provide Class Members with accurate wage statements;

- committing a criminal misdemeanor in violation of California Labor Code §226.6 by knowingly and intentionally violating the provisions of California Labor Code §226;

- violation of California Labor Code §226.7 by requiring Class Members to work during meal and rest periods mandated by the applicable Wage Order and filing to provide said Class Members one (1) hour additional wages at the non-exempt employee's regular rate of compensation for each work day that the meal or rest period is not provided;

- violation of IWC wage orders by failing to pay overtime and minimum wages;

- violation of California Labor Code §§ 1182.11 and 1197 by failing to pay at least the minimum wage for all hours worked by Class Members;

- violation of California Labor Code § 1194 by failing to pay minimum and/or overtime wages for all hours worked by Class Members;

- violation of California Labor Code § 1194.2 by failing to liquidated damages for failure to pay minimum wages for all hours worked by Class Members;

- violation of the covenant of good faith and fair dealing and breach of contract by failing to comply with promised terms and conditions of employment; and

- Violation of AWPA's provisions.

CLASS ACTION COMPLAINT                    - 30 -

1    101.    DEFENDANTS' activities also constitute unfair practices in violation of Cal.

2    Bus. & Prof. Code §§17200 *et seq*., because DEFENDANTS' practices violate the above noted

3    laws, and/or violate an established public policy and/or the practice is immoral, unethical,

4    oppressive, unscrupulous, and substantially injurious to PLAINTIFFS and the Class.

5    102.    As a result of DEFENDANTS' violations of the Labor Code, PLAINTIFFS and

6    the Class has suffered injury-in-fact and have lost money or property as a result of

7    DEFENDANTS' practices.  This injury-in-fact and lost money or property consists of the lost

8    wages and other restitutionary remedies provided by the Labor Code as detailed in this complaint

9    and other resulting harms.  A tally of these damages cannot readily be determined as the

10   employment records are held exclusively or nearly exclusively in DEFENDANTS' control.

11   PLAINTIFFS are entitled to restitution, an injunction, declaratory and other equitable relief

12   against such unlawful practices to prevent future damage for which there is no adequate remedy

13   at law, and to avoid a multiplicity of lawsuits.  PLAINTIFFS are also seeking in the alternative,

14   by this class action, restitutionary disgorgement of DEFENDANTS' profits into a fluid recovery

15   fund.

16   103.    As a result of their unlawful acts, DEFENDANTS have reaped and continue to

17   reap unfair benefits and unlawful profits at the expense of PLAINTIFFS and the Class they seek

18   to represent.  DEFENDANTS should be enjoined from this activity and made to disgorge these

19   ill-gotten gains and restore to PLAINTIFFS and the members of the Class the wrongfully

20   withheld wages pursuant to Business and Professions Code § 17203.  PLAINTIFFS is informed

21   and believe, and thereon alleges, that DEFENDANTS are unjustly enriched through their failure

22   to pay legal and contractual wages, and/or other remedies.  PLAINTIFFS are informed and

23   believe, and thereon allege, that PLAINTIFFS and members of the Class are prejudiced by

24   DEFENDANTS' unfair trade practices.

25   104.    As a direct and proximate result of the unfair business practices of

26   DEFENDANT, and each of them, PLAINTIFFS individually and on behalf of all employees

27   similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or

28

CLASS ACTION COMPLAINT                - 31 -

1    disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS and

2    members of the Class as a result of the business acts and practices described herein, and

3    enjoining DEFENDANTS to cease and desist from engaging in the practices described herein for

4    the maximum time permitted pursuant to Business and Professions Code § 17208, including any

5    tolling.

6         105.    The unlawful and unfair conduct alleged herein is continuing, and there is no

7    indication that DEFENDANTS will refrain from such activity in the future.  PLAINTIFFS

8    believe and allege that if DEFENDANTS are not enjoined from the conduct set forth in this

9    Complaint, they will continue to violate California and federal labor laws. PLAINTIFFS further

10   requests that the court issue a preliminary and permanent injunction.

11        106.    WHEREFORE, PLAINTIFFS and the Class they seeks to represent request relief

12   as described herein and below.

13

14                          **TENTH CLAIM**

15   **(VIOLATIONS OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEY
     GENERAL ACT)**

16

17        107.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

18   herein.

19        108.    PLAINTIFFS submit this claim to include allegations pursuant to Labor Code

20   §§ 2698 *et seq.* (The Private Attorneys General Act).  As described above, PLAINTIFFS have

21   complied with all of the administrative requirements listed in Labor Code § 2699.3, by giving

22   notice to DEFENDANTS and the Labor & Workforce Development Agency ("LWDA") of the

23   violations alleged herein and the theories and facts supporting those allegations, and by the

24   LWDA's intention not to investigate.

25        109.    PLAINTIFFS are aggrieved employees as defined in Labor Code §2699(a).

26   PLAINTIFFS bring this cause on behalf of themselves, the State of California and other current

27   or former aggrieved employees affected by the labor law violations alleged in this complaint.

28

1    110.    PLAINTIFFS seek penalties for the State, themselves and current or former

2  employees for violations of the Labor Code that provide for penalties pursuant to Labor Code §

3  2699(a). PLAINTIFFS also seek penalties for violations of Labor Code provisions that do not

4  provide a penalty pursuant to Labor Code § 2699(f), which provides:

5

6           For all provisions of this code except those for which a civil penalty is
             specifically provided, there is established a civil penalty for a violation
             of these provisions, as follows: . . . (2) If, at the time of the alleged

7           violation, the person employs one or more employees, the civil penalty
             is one hundred dollars ($100) for each aggrieved employee per pay

8           period for the initial violation and two hundred dollars ($200) for each
             aggrieved employee per pay period for each subsequent violation.

9

10    111.    PLAINTIFFS also seek civil penalties as provided under applicable Labor Code

11  sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a). To

12  the extent that any violation alleged herein does not carry a penalty, PLAINTIFFS seek civil

13  penalties pursuant to Labor Code § 2699(f) for PLAINTIFF and other current or former

14  employees for violations of those sections. PLAINTIFFS are also entitled to an award of

15  attorneys' fees and costs as set forth below.

16    112.    Pursuant to the recent California Supreme Court pronouncement in *Arias v. Sup.*

17  *Ct.*, 46 Cal.4[th] 969 (2009), PLAINTIFFS' PAGA claim does not require Class Certification.

18  California has statutorily permitted PLAINTIFFS to pursue these claims on employees' behalf.

19    113.    As such, PLAINTIFFS individually hold a substantive right to bring PAGA

20  claims, standing in the shoes of, and on behalf of, the State of California and former employees

21  to enforce California Labor laws.

22    114.    The PAGA claims are also brought against DEFENDANTS pursuant to

23  provisions of the Labor Code, including § 558, which permits liability of persons who violate or

24  cause to be violated Labor Code and IWC regulations.  California Labor Code Section 2699

25  ("PAGA") states that:

26           Notwithstanding any other provision of law, any provision of this code that
             provides for a civil penalty to be assessed and collected by the Labor and

27           Workforce Development Agency or any of its departments, divisions,
             commissions, boards, agencies, or employees, for a violation of this code, may, as

28

CLASS ACTION COMPLAINT           - 33 -

1    an alternative, be recovered through a civil action brought by an aggrieved
     employee on behalf of himself or herself and other current or former employees…

2        115.    Any provision providing a penalty can be enforced through PAGA. One such

3    provision is Labor Code § 558, which states:

4

5            (a) Any employer **or other person** acting on behalf of an employer who
             violates, or causes to be violated, a section of this chapter or any provision
             regulating hours and days of work in any order of the Industrial Welfare
6            Commission shall be subject to a civil penalty as follows:

7                (1)    For any initial violation, fifty dollars ($50) for each underpaid
                 employee for each pay period for which the employee was underpaid
8                in addition to any amount sufficient to recover underpaid wages.

9                (2)    For each subsequent violation, one hundred dollars ($100) for
                 each underpaid employee for each pay period for which the employee
10               was underpaid in addition to an amount sufficient to recover underpaid
                 wages….

11

12       116.    The viability of holding persons liable by this method was discussed by the

13   California Supreme Court in *Reynolds v. Bement*, where the court noted that liability against non-

14   employers could be obtained through the use of PAGA and § 558:

15

16           Imposition of individual civil liability under the IWC employer definition
             is not the only means by which an employee can seek recovery against a
             corporate agent. "The Berman hearing procedure is designed to provide a
17           speedy, informal, and affordable method of resolving wage claims" (
             Cuadra v. Millan, supra, 17 Cal.4th at p. 858, 72 Cal.Rptr.2d 687, 952
18           P.2d 704), and, as defendants concede, nothing in that process precludes
             hearing officers from finding individual corporate agents liable for unpaid
19           wages when such liability is proven on established common law or
             statutory theories. **Moreover, pursuant to section 558, subdivision (a),**
20           **any "person acting on behalf of an employer who violates, or causes to**
             **be violated" a statute or wage order relating to working hours is**
21           **subject to a civil penalty, payable to the affected employee, equal to**
             **the amount of any underpaid wages. As noted earlier, the Legislature**
22           **has provided that aggrieved employees may under certain**
             **circumstances maintain civil actions to recover such penalties. (§**
23           **2699, subd. (a).)** (Emphasis added.)

24   As such, both DEFENDANTS are liable pursuant to PAGA where, as here, DEFENDANTS

25   caused the violations at issue.

26       117.    WHEREFORE, PLAINTIFFS request relief as described herein and below.

27

28

CLASS ACTION COMPLAINT          - 34 -

## IV.    PRAYER

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1.    That the Court determine that this action may be maintained as a class with the named PLAINTIFFS appointed as class representative;

2.    For the attorneys appearing on the above caption to be named class counsel;

3.    For compensatory damages in an amount according to proof with interest thereon;

4.    For a declaratory judgment that each of the DEFENDANTS violated the PLAINTIFFS' and the Class Members' rights under AWPA, the California Labor Code and California Business and Professions Code, as set forth in the preceding paragraphs;

5.    That DEFENDANTS be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code;

6.    That DEFENDANTS be enjoined from continuing the unlawful course of conduct alleged herein;

7.    For minimum wages, overtime wages, premium wages, premium rest and meal period wages, premium split shift wages, premium reporting time wages, and penalties;

8.    For attorneys' fees, interest and costs of suit;

9.    For liquidated damages;

10.    For Damages;

11.    For all other relief provided by the AWPA, the California Labor Code, California Business and Professions Code and California contract law;

12.    For such other and further relief as the Court deems just and proper.

13.    For such other and further relief as the Court deems just and proper pursuant to California Labor Code §§ 2698 *et seq.*

CLASS ACTION COMPLAINT                    - 35 -

1    14.    For all provisions of the Labor code violated as described above, except those for

2            which a civil penalty is specifically provided, a civil penalty of one hundred

3            dollars ($100) for each aggrieved employee per pay period for the initial violation

4            and two hundred dollars ($200) for each aggrieved employee per pay period for

5            each subsequent violation;

6    15.    For all provisions of the California Labor Code for which a civil penalty is

7            specifically provided, civil penalties for each aggrieved employee as specifically

8            provided by statute.

9    16.    Pursuant to California Labor Code §§ 2698 *et seq.* and § 558, amounts sufficient

10           to recover underpaid wages to all aggrieved employees.

11

12                            **<u>DEMAND FOR JURY TRIAL</u>**

13        PLAINTIFFS hereby demand trial of their and the Class' claims by jury to the extent

14    authorized by law.

15    Dated:  November 17, 2009.            LAW OFFICES OF MALLISON & MARTINEZ
                                            1042 Brown Ave.
16                                          Lafayette, CA 94549
                                            Phone:  (925) 283-3842
17                                          Facsimile: (925) 283-3426

18

19                                          By:    /s/ Stan S. Mallison
                                                   Stan S. Mallison
20                                                 Hector R. Martinez
                                                   Marco A. Palau
21                                                 Attorneys for PLAINTIFFS

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT            - 36 -